**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

DERRICK ALLEN,                )
                              )
        Plaintiff,    )
                              )
                              )      1:19cv793
        v.            )
                              )
SARA GLINES, et al.,          )
                              )
        Defendants.   )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of his federal claims, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim, and dismissal without prejudice of his state claims under 28 U.S.C. § 1367(c)(3), given the absence of any viable federal claim.

**LEGAL STANDARD**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d

951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

**BACKGROUND**

Asserting claims under "42 U.S.C. § 1983," pursuant to his "8th amendment [right] to [freedom from] cruel [and] unusual punishment," Plaintiff initiated this action against six defendants: (1) "Sara Glines" ("Defendant Glines"); (2) "Jim Puryear" ("Defendant Puryear"); (3) Robyn Tomlins" ("Defendant Tomlins"); (4) "Jane Elizabeth" ("Defendant Elizabeth"); (5) "The News & Observ[e]r"; and (6) "The He[ra]ld-Sun." (Docket Entry 2 at 1-3.) The Complaint's statement of claim states in its entirety:

> In 1998, [Plaintiff] was charged with [f]irst degree murder, [f]irst degree [s]tatutory [s]exual offense, [and] [f]elonious child abuse. [Plaintiff's] face was plastered on the front page of both the He[ra]ld-Sun and News & Observ[e]r. Charges were dismissed in 2010 by Judge Orlando F. Hudson, and yet ADA Tracey Cline appealed Judge Hudson[']s [r]uling in which North

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

-3-

> Carolina Court of [A]ppeals overturned Judge Hudson['s r]uling, and remand[ed] the case for [t]rial[. ] Eventually, [t]he State of North Carolina moved to dismiss the case. [Plaintiff] was subjected to media coverage that blemished not only [his] reputation, [but also s]landered [his] name [and] subjected [him] to libel[,] defamation of character, [and] cruel and unusual punishment. During the times of not being charged or convicted of the before[-]mentioned offenses[, Plaintiff] was still subjected to the mental agony of being perceived as a child murderer and sex offender . . . .
>
> The media played a major role in tarnishing [Plaintiff's] name without deoxyribonucleic acid and/or DNA.

(Id. at 4.) The Complaint also alleges that Plaintiff has "been subjected to housing discrimination, employment discrimination, slander/libel and [m]ore" (id. at 5), and further requests "compensat[ion] for [] mental anguish and punitive damages in accordance with federal law" (id. at 6).

## DISCUSSION

### I. The Herald-Sun and the News & Observer

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50

(1999).[2] Regarding the Herald-Sun and the News & Observer, the Complaint alleges that, (i) "[Plaintiff's] face was plastered on the front pages of both the He[ra]ld-Sun and News & Observ[e]r," (ii) "[Plaintiff] was subjected to media coverage that blemished not only [his] reputation, [but also s]landered [his] name, [and] subjected [him] to libel[,] defamation of character, [and] cruel and unusual punishment," and (iii) "[t]he media played a major role in tarnishing [Plaintiff's] name without deoxyribonucleic acid and/or DNA." (Docket Entry 2 at 4.)

A. No State Action

The Complaint's allegations fail to state Section 1983 claims against either the Herald-Sun or the News & Observer, because such claims require "state action," Hall v. Quillen, 631 F.2d 1154, 1155 (4th Cir. 1980), and the Complaint does not establish that either of these defendants qualify as state actors (see Docket Entry 2 at 1-7). The claims against the Herald-Sun and the News & Observer

---

[2] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

therefore fail as a matter of law.  See American Mfrs., 526 U.S. at 50 (holding that Section 1983's under-color-of-state-law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)).

To prove that a defendant acted under color of state law, "the person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions."  Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009).  Although a private entity may satisfy that condition by performing functions "traditionally the exclusive prerogative of the State," Jackson v. Metropolitan Edison Co., 419 U.S. 345, 353 (1974), the Complaint lacks any indication that any actions of the Herald-Sun or the News & Observer so qualify (see Docket Entry 2 at 1-7).  To the contrary, the actions attributed to these defendants fall outside the reach of Section 1983.  See, e.g., Lloyd v. Scotland Cty. Sheriff Dep't, No. 1:19CV3, 2019 WL 1118530, at *2 (M.D.N.C. Feb. 8, 2019) (unpublished) (dismissing Section 1983 claims against newspaper defendant because "a newspaper is plainly not a state actor"), recommendation adopted, 2019 WL 1116764, at *1 (M.D.N.C. Mar. 11, 2019) (Osteen, Jr., J.); Morton v. Greenwood City Police Dep't, Civ. Action No. 8:13-1243, 2013 WL 4042186, at *3 (D.S.C. Aug. 7, 2013) (unpublished) ("[The

d]efendant [newspaper] is not a person acting under the color of state law. [The p]laintiff makes no allegation that this newspaper is any kind of state actor that would be amenable to suit under [Section] 1983."); Wellman v. Williamson Daily News, Inc., 582 F. Supp. 1526, 1528 (S.D.W.V. 1984) ("[T]he publication of a newspaper does not involve state action." (internal quotation marks omitted)), aff'd, No. 84-1462, 742 F.2d 1450 (table) (4th Cir. Sept. 11, 1984) (unpublished).

B. Defamation Claim

Next, "even if the newspaper[s] were amenable to suit, a defamation cause of action would not lie under [Section] 1983." Morton, 2013 WL 4042186, at *3 (finding that "[a]ny defamation suffered by [the p]laintiff would not be actionable under [Section] 1983 because it does not implicate federal constitutional or statutory rights [as] 'defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation'" (quoting Siegert v. Gilley, 500 U.S. 226, 233 (1991))). Therefore, because "a [p]laintiff's charge of defamation, standing alone and apart from any other governmental action with respect to him, does not state a claim for relief under Section 1983," Wellman, 582 F. Supp. at 1528 (internal quotation marks omitted), the Complaint has failed to state a cause of action under Section 1983 against the Herald-Sun and the News & Observer.

Accordingly, the Court should dismiss all Section 1983 claims against the Herald-Sun and the News & Observer for failure to state a claim.

**II. Defendants Glies, Puryear, Tomlins, and Elizabeth**

In addition, beyond naming them as Defendants, the Complaint does not even so much as mention Defendants Glines, Puryear, Tomlins, and Elizabeth. (See Docket Entry 2 at 1-7.) Thus, the Complaint fails to establish Section 1983 claims against Defendants Glines, Puryear, Tomlins, and Elizabeth due to the lack of factual matter suggesting that any of those defendants violated Plaintiff's constitutional rights. See American Mfrs., 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights.").

Put another way, nothing in the record indicates in any way that Defendants Glies, Puryear, Tomlins, or Elizabeth engaged in any violation of Plaintiff's constitutional rights as remains necessary to state a plausible Section 1983 claim. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Court should therefore dismiss all Section 1983 claims alleged

against Defendants Glies, Puryear, Tomlins, and Elizabeth for failure to state a claim.

### III. State-Law Claims

Given the dismissal of the Complaint's federal claims (i.e., the Section 1983 claims), the Court should dismiss without prejudice any related state-law claims (e.g., "slander[]," "libel," and "defamation of character" (Docket Entry 2 at 4, 5)). Federal courts "have original jurisdiction of all civil actions arising under the Constitution [and] laws . . . of the United States." 28 U.S.C. § 1331.[3] "[I]n any civil action of which the [federal] courts have original jurisdiction, the [federal] courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Nevertheless,

---

[3] Federal courts also maintain "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under Section 1332(a), original "jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). In this case, the Complaint asserts that Plaintiff and Defendants qualify as citizens of North Carolina (Docket Entry 2 at 2-3), thus precluding original jurisdiction over these actions under Section 1332(a). Moreover, the Complaint does not purport to invoke diversity jurisdiction. (See id. at 3 (asserting jurisdiction pursuant to Section 1983).) Accordingly, federal question jurisdiction provides the only source of the Court's original jurisdiction over this matter.

a federal court "may decline to exercise supplemental jurisdiction over a claim," 28 U.S.C. § 1367(c), if it dismisses "all claims over which [it] has original jurisdiction," 28 U.S.C. § 1367(c)(3).

Here, as discussed above, Plaintiff's Section 1983 claims warrant dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court thus may appropriately decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. See Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (explaining that, pursuant to Section 1367(c)(3), "a [federal] court has discretion to dismiss or keep a case when it 'has dismissed all claims over which it has original jurisdiction,'" and that "[t]here are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction" (emphasis in original)); see also Wellman, 582 F. Supp. at 1528 (finding that, "at best, [the p]laintiff's complaint alleges only a state tort action for defamation" and, as such, "it would be inappropriate to exercise pendent jurisdiction over [the p]laintiff's state tort claims").

## **CONCLUSION**

In sum, the Herald-Sun and the News & Observer do not qualify as "state actors" subject to suit under Section 1983, Plaintiff cannot assert a defamation claim under Section 1983, and Plaintiff has failed to allege a plausible claim for relief against Defendant

Glines, Defendant Puryear, Defendant Tomlins, and Defendant Elizabeth.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In Forma Pauperis</u> (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that Plaintiff's federal claims be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and his state claims be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**

December 2, 2019